Chief Justice Robertson
delivered the opinion of the court.
McCkum filed a bill in chancery in the General Court, to injoin a judgment obtained in said court against him, by Francis Preston, a nonresident, on a note for $¡150, executed by him to Preston in 1818. The bill alleges that Francis and William Preston, having sold to McCrum and several others, lois in “Preston's Enlargement” of Louisville, and still owning unsold lots, separated fi’om those which had been sold, by an alley twelve feet wide, proposed to add forty eight feet to the alley, so as to make it a street sixty feet wide, and to open and graduate said street, for three per cent, on the value of the lots, which they had sold on the alley, to be paid by the holders of the lots; and that, thereupon, McCrum and others, who held lots adjoining the proposed street, executed there several promissory notes to Francis Preston, in consideration of his parol agreement to open, graduate and convey, the title to the said forty eight feet of ground; that the street had never been graduated so as to be conveniently used; that no title had been made to the forty eight feet of ground, and that (he lots had depreciated in value. Therefore, the hill prayed for a perpetual injunction to the judgment at law, alleging that the note on which it had been rendered, was executed in consideration of the said agreement.
' Preston denies, in his answer, that he undertook to graduate the street; says that he and William Preston, on the day of the contract, executed a covenant to open the street by adding, from their lots, forty eight.. *333 feet of ground, and to secure, the title thereto for the use and benefit of lot holder's, He says he believes that the holders of tire lot-, or some of them, had a duplicate of that covenant, the original of which he retained and exhibits; that a few clays subsequent to the contract, he and William Preston executed a deed in pursuar.ee to the agreement, which was left with William to be deposited for registration: but, that in consequence of his sickness, it was not proved and deposited in the clerk’s office until 1821; that afterwards, William Preston having died, his widow and executors, who had authority, vested by the will of said decedent, had made and acknowledged another deed according to the contract, and deposited it in due time for registration in the proper clerk’s office; and says that the street was opened according to contract, in a short time after the date of it; and insists on the enforcement of the contract. The allegations as to the title and conveyances, are sustained by the exhibits, Only two depositions were taken. Hall, one of the parties to the contract, swore, that bis understanding of the agreement was, that Preston undertook to open and graduate the street' and secure the use thereof by a proper conveyance. The other witness swore, that it was his impression that Preston was to graduate the street, but that he did not know how, or when, or by whom, that impression was made. He also staled, that the notes were not to be obligatory, unless Preston had complied with his undertaking before they fell due.
The General Court dissolved the injunction with damages, and dismissed the bill with costs; and this court approves that decree.
McCrum did not seek a rescisión of the contract, and surely he should not be exonerated from the judgment unless the contract be rescinded.
But if he had asked a rescisión, he was not entitled to it. The title to the use of the street has been sufficiently secured, so far as William Preston held any interest in the ground; and as Francis Preston admits that he acknowledged a deed, and insists on ratifying it, the fact that it was not recorded in proper time, would noi juptify a rescisión of the contract.
The testimony of one witSto’eui®" ties complainant to ^ nial in the unswer. '
Benny, for appellant; T. Crittenden, for appellees*
There is no proof of a failure of consideration, either total or partial. There is no proof, that the notes were to be obligatory, unless F. Preston opened and graduated the street and secured the title to its use, as such, before the notes became due. Only one witness swore, that Preston undertook to graduate the street. His- testimony, if ft had been perfectly disinterested, would not be sufficient to countervail the positive denial in the answer. His statement has not been corr°horated; the vague “mprssion.” of the other witness, is entitled to no consideration, and if -it were, it is counteracted by the intrinsic improbability of the allegation. The last witness, and he alone, swore that the notes were not to be obligatory unless Preston had complied with his agreement before they became due. If other persons had corroborated that statement, it would have been entitled to no influence. The witness docs not know what Preston undertook to do. His statement is inconsistent with the note itself, and there is no allegation nor proof of fraud or mistake in its execution; and moreover, the bill does not directly aver that such was the contract.
It is not material whether Preston was bound by a written contract or not. lie has complied with the contract; and if he had not, he is desirous to do so, and could now be compelled to carry it into complete effect. The appellant had no right, when he appealed to equity, to insist on the statute of frauds, even if he had asked a rescisión of the contract. If the appellee had complied, or is willing to comply, with his contract, equity can exact no more.
It is not necéssary to notice the alleged defect of parties.
Decree affirmed, with costs and damages.